The appellate is on submission. And we have Ms. Olchen. Did I get that right? Yes. You can proceed whenever you're ready. Good morning. Natasha Olchen for the Commissioner of Social Security. I'd just like to address briefly why it was reasonable for the ALJ in this case to find that Mr. Woods could perform unlimited range of light work. The ALJ recognized that Mr. Woods had severe degenerative back impairments and that he could no longer perform his past relevant work, which required heavy lifting. But the ALJ supportively found that he could do less strenuous work. First, the ALJ relied on three medical assessments within 12 months of when Mr. Woods stopped working, all finding significant improvements. Dr. Walsh found that Mr. Woods' lumbar spine strain had resolved. Dr. Healy assessed only mild limitations, sitting, standing, walking, and lifting. And Dr. Pucha found that Mr. Woods' medical records showed he could do light work. Meanwhile, Mr. Woods himself reported that he had no problem standing, that he could get around by walking and using public transportation, and that he could independently cook, clean, shop in stores, go out to bars and restaurants, and engage in a variety of other activities. The ALJ also considered Mr. Woods' treatment records over the next four years. His treatments included physical therapy, a back brace, and injections, and he described them all as helpful. His doctors agreed. As for physical exams, there was some variation in range of motion, but his gait, strength, sensation, and straight leg raises were all normal. Consistently, Mr. Woods told his doctors that he was exercising. Among other things, he said he could walk a mile and did this twice a week. And he reported again in 2022 that he could stand without limitation. The ALJ further considered that Mr. Woods' pain management providers consistently advised him only to avoid strenuous activity, heavy lifting, and excessive bending and twisting. So substantial evidence supports the ALJ's finding that Mr. Woods had very similar limitations, light work with only occasional bending, crouching, kneeling, and stair climbing. Mr. Woods has argued that the ALJ should have found him more limited based on some of his other subjective statements and uncertain opinions in the record. But the ALJ complied with the regulations and cited substantial evidence explaining why she did not rely on this evidence. As for subjective statements, I've just detailed how the ALJ cited multiple considerations. Improvement over time, effective treatment, daily activities, and inconsistent statements as summarized in pages 23 to 30 of our brief to illustrate why she did not fully credit the subjective statements. And then for similar reasons, the ALJ found the medical opinions indicating that Mr. Woods had relatively mild exertional limitations, more supported and more consistent with the record, and therefore more persuasive than those that suggested major limitations, as detailed at pages 31 to 44 of our brief. And again, Mr. Woods himself said multiple times that he could stand and walk and do other exercises. So it was reasonable for the ALJ in this case to find that he could do a modified range of light work, and Mr. Woods has not shown that the ALJ was required to find him more limited. So unless the court has any questions, the commissioner would rest on his brief and ask that this court affirm. All right, thank you very much. Have a good day. Thank you.